IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MEET PRAJAPATI                                                        PETITIONER

V.                                                    Cause No. 5:26-cv-00008-DCB-BWR

RAFAEL VERGARA,                                                      RESPONDENTS
*Warden, Adams County Correctional*
*Center*

<u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed through counsel by Meet Prajapati, a former immigration detainee. Also before the Court are Petitioner's Motion for Temporary Restraining Order [8] and Respondent's Motion to Dismiss for Mootness [14]. Petitioner has been removed from the United States. His Petition [1] and Motion for Temporary Restraining Order [8] are moot, and Respondent's Motion to Dismiss for Mootness [14] should be granted.

### I. BACKGROUND

Petitioner is a native and citizen of India who entered the United States illegally on May 12, 2023. Pet. [1] at 6; ICE Declr. [14-1] at 1. Petitioner surrendered to immigration authorities, rather than attempting to evade inspection or apprehension. Pet. [1] at 6. Petitioner was issued a notice to appear for removal proceedings and released on his own recognizance. Pet'r Mot. [9] at 2. In November 2025, ICE arrested Petitioner and detained him. *Id.* at 2-3. "On November 7, 2025, the Petitioner was granted voluntary departure. He was given until March 7, 2026, to depart the United States." ICE Declr. [14-1] at 1.

On January 13, 2026, Petitioner filed his Petition challenging his detention

during removal proceedings and requesting immediate release from custody. Pet. [1] at 12. On February 5, 2026, Petitioner filed a Motion for Temporary Restraining Order, reurging the arguments in the Petition. Pet'r Mot. [9] at 1-13. On March 3, 2026, Respondent responded to the Motion for Temporary Restraining Order and filed a Motion to Dismiss for Mootness [14], informing the Court that Petitioner was removed from the United States to India on February 22, 2026. ICE Declr. [14-1] at 1. Petitioner did not respond to Respondent's Motion to Dismiss for Mootness.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" *Id.*   The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit." *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot)(quoting *Lewis,* 494 U.S. at 477-48).

The Petition and Motion for Temporary Restraining Order seek Petitioner's release from ICE custody and are now moot because Petitioner has been released from ICE custody. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as "traditionally provid[ing] a

2

means to seek release from unlawful detention"). The Petition no longer presents a live case or controversy for purposes of satisfying Article III. Respondent's Motion to Dismiss for Mootness should be granted.

### III. RECOMMENDATION

It is recommended Petitioner's Motion for Temporary Restraining Order [8] be denied, Respondent's Motion to Dismiss for Mootness [14] granted, and the Petition [1] dismissed because it is moot.

### IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal

3

conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

    **SIGNED,** this the 6th day of April 2026.

                s/ *Bradley W. Rath*

                BRADLEY W. RATH
                UNITED STATES MAGISTRATE JUDGE